NEW-YORK,
Dec. 1822.

The People
vs.
Isaac Demott,
Benj Knapp,
and J. Knapp.

The People *vs.* Isaac Demott, Benjamin Knapp, and John Knapp.   *Assault and Battery.*

The defendants were indicted for committing an assault and battery upon Joseph Green, on the 3d day of September, 1822.

The prosecutor testified that he was owner and master of the Sloop Eagle : that he was on board at the wharf, on the third of September in the morning, the defendants came on board and demanded possession of the vessel alledging that Demott was the owner.

He refused them possession, and they commenced an attack and beat and injured him very much.

*Maxwell, District Attorney,* rested the prosecution.

*M'Ewen* and *N. B. Graham,* for the defendants.

*Graham* observed to the court, that they had been induced to proceed in the trial of the case, in consequence of the expectation that their witnesses would appear, before those on the part of the prosecution had been examined ; they had not, however, come, and *M'Ewen* proceeded to sum up the cause to the jury.

At this moment *Graham* rose and observed his witnesses had come, and prayed they might be examined. He told the court he should be able to show them, that while Demott was in Bridewell, on a charge of felony, the prosecutor had taken an advantage of his confinement, and had sued him for fifteen dollars, and served the notice upon him in Bridewell ; that he obtained a judgment against him for that amount, and costs, and under that judgment had fraudulently seized and taken possession of the sloop Eagle, and still pretended to own her. That the District Attorney was so well convinced that the transaction was a fraudulent one, that a *nolle prosequi* was en-

*[margin note: After the counsel for the people has rested and the counsel for the prisoner has proceeded to sum up, it is too late to introduce testimony even where the counsel went to trial under the expectation their witnesses would be in court, before those on the part of the people would have been examined.]*

tered on the record in favor of Demott, and he was released from confinement. He went after his discharge, to take possession of his vessel, and to his astonishment, found her in the possession of the prosecutor.

And further stated, if he could show these facts, (and he pledged himself that he could,) he would show such a case as would entitle his clients to a verdict of acquittal.

*By the Court.* "The counsel for the people had " rested, and the counsel for the defendants had closed " their cross-examination, and one of them was proceeding " to sum up to the jury. It is too late in this state of the " case to examine witnesses, however important their tes- " timony may be. There must be a rule, and that rule " must be enforced ; if it should be departed from in this " case, it would be urged as a precedent in others, perhaps " with the same reason. The rule is, after the witnesses " for the people have been examined, and also those on the " part of the prisoner, and the counsel have commenced " commenting upon the evidence to the jury, it is too late " to offer additional testimony."

*Maxwell, District Attorney,* called up the case for trial.